## VOVES v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 5, 1918.)

No. 2536.

CRIMINAL LAW ⟨⟩37—SALE OF LIQUOR TO INDIANS—OFFENSES—USE OF DECOY.

The selling of liquor to an Indian, in violation of Rev. St. § 2139 (Comp. St. 1916, § 4136a), and Act Jan. 30, 1897, c. 109, § 1, 29 Stat. 506 (Comp. St. 1916, § 4137), is an offense malum prohibitum, of which the intent or knowledge of the seller is not an element, and is immaterial; but the government cannot maintain an indictment for such offense, when by its own conduct, through its agents, it misled the defendant into believing that the act was lawful, as that the purchaser was not an Indian, but a Mexican.

In Error to the District Court of the United States for the Western District of Wisconsin.

Criminal prosecution by the United States against John M. Voves. Judgment of conviction, and defendant brings error. Reversed.

Arthur T. Holmes, of La Crosse, Wis., for plaintiff in error.
Arthur C. Wolfe, of La Crosse, Wis., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Voves was convicted of selling liquor to an Indian in violation of section 2139, R. S. U. S. (29 Stat. 506). This offense is malum prohibitum; a criminal or wicked intent is not an element; and as the statute does not contain the word "knowingly," or other of like import, the seller's belief that the purchaser was not an Indian is immaterial. That the seller voluntarily made the sale is sufficient. Feeley v. United States, 236 Fed. 906, 150 C. C. A. 165.

In the present case there was testimony which the jury might have accepted as establishing the following facts: Voves had not been selling or giving liquor to Indians; the government agents had no reason to suspect that he had been or would; Mexican railroad laborers had recently moved into the neighborhood; the Indian in question looked like a Mexican; he was a government decoy; he wore a black suit, white soft shirt, and black slouch hat; he came in and asked for

liquor; Voves believed he was a Mexican; shortly he was followed by two white men, government detectives; as Voves was about to pass liquor to the decoy, one detective said to the other within the hearing of Voves, "I didn't know Indians were allowed to get whisky here;" whereupon Voves turned to them and said, "Why that man is a Mexican," and none of the three said a word in denial; they stood by while Voves made the sale on which the indictment was predicated.    By exceptions to the charge the question is presented: Is the general rule, which is stated in the opening paragraph, of universal application?

Grant that the government may use a decoy to discover evidence of a committed crime of whatever nature; that, where one has the intent to commit a malum in se, or the willingness to do a malum prohibitum, a decoy may accompany the wrongdoer and even participate in the offense; that a liquor seller is guilty, despite his honest and reasonable belief respecting the age or race of the purchaser; and even that he must take his chance that a purchaser, who is not a government decoy, may willfully deceive him by camouflage—still the question remains: May the government maintain an indictment against a person for doing a malum prohibitum when the government's conduct has misled the person into believing that the prohibited act was a lawful act?

In a civil transaction between citizens such conduct as the jury might have found in this case would create an estoppel which would preclude a suit based upon the suppressed truth.    Is our government of the superman type that releases the ruler from the obligations of honesty and fairness that are imposed upon the citizens?    Is one's liberty or reputation as a law-abider to have less protection than his property?    We are strongly of the view that sound public policy estops the government from asserting that an act which involves no criminal intent was voluntarily done when it originated in and was caused by the government agents'· deception.    United States v. Healy (D. C.) 202 Fed. 349.    And on the subject of decoys generally, see Blaikie v. Linton, 18 Scottish L. R. 583; Woo Wai v. United States, 223 Fed. 412, 137 C. C. A. 604; Sam Yick v. United States, 240 Fed. 60, 153 C. C. A. 96; Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550; Goode v. United States, 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297; Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Andrews v. United States, 162 U. S. 420, 16 Sup. Ct. 798, 40 L. Ed. 1023; Price v. United States, 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727; Scott v. United States, 172 U. S. 343, 19 Sup. Ct. 209, 43 L. Ed. 471; Goldman v. United States, 220 Fed. 57, 135 C. C. A. 625.

Judgment reversed, with direction to grant a new trial.