## GOLDSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1919. Rehearing Denied March 4, 1919.)

No. 2619.

1. CRIMINAL LAW ⊜⟳304(6)—VENUE—EVIDENCE—JUDICIAL NOTICE.
    Where there was evidence that an offense was committed in Rockford, Ill., the court could take judicial notice that it was within the Northern district, Western division, of Illinois, so that the venue was established.

2. INTOXICATING LIQUORS ⊜⟳236(15)—SALE TO SOLDIER—EVIDENCE—UNIFORM·
    In prosecution for unlawful sale of liquor to soldiers in uniform, testimony by the purchasers that they were in uniform, and reference to the purchasers as soldiers by other witnesses, who did not know them, is sufficient to warrant the jury in finding that they were in uniform when the purchases were made.

3. CRIMINAL LAW ⊜⟳37—PROSECUTION—ESTOPPEL—PROCURING SALES.
    The fact that soldiers who purchased liquor were military police, who made the purchases to procure evidence, does not estop the government from prosecuting the seller, where no deception was practiced upon him, though the soldiers claimed to want the liquor for sickness.

4. CRIMINAL LAW ⊜⟳37—PROSECUTION—ESTOPPEL—DECOYS OR DETECTIVES.
    The mere use by the government of decoys or detectives does not raise the issue of estoppel to prosecute, but there must be deception of such character as to make it unconscionable for the government to press its case.

In Error to the District Court of the United States for the Western Division of the Northern District of Illinois.

Abraham Goldstein was convicted of unlawfully selling intoxicating liquor to soldiers in uniform, and he brings error. Affirmed.

Writ of error to review sentence pronounced upon the defendant, who was found guilty upon three counts of an indictment charging him with unlawfully selling intoxicating liquor to soldiers in uniform.

H. J. Rosenberg, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and James R. Glass, both of Chicago, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. [1] It is claimed by defendant that the government failed to prove venue. We reject this contention, because it was shown that the offense was committed in Rockford, and inferentially that the Rockford referred to was in the state of Illinois. The court properly took judicial notice of the fact that Rockford, Ill., is in the Northern district, western division, state of Illinois. Hoyt v. Russell, 117 U. S. 401, 6 Sup. Ct. 881, 29 L. Ed. 914.

[2] Defendant also complains because the testimony fails to show that the soldiers were, at the times when whisky was sold them, in the uniform of the military forces of the United States. The soldier W. stated that on February 5th, being one of the dates fixed in the

indictment when liquor was sold to him, he was in full military uni-
form. On February 8th, another date similarly fixed, he named two
men and himself, and was then asked, "All soldiers?" and replied,
"All soldiers, and in uniform."

There is other testimony showing that witnesses other than de-
fendant observed "the soldier" about defendant's restaurant. These
witnesses were not acquainted with W., but significantly referred to
him as "that soldier." Defendant also referred to the soldier K., to
whom whisky was delivered, as "the sergeant." Having no acquaint-
ance with K., it would have been unusual for the defendant to call
him sergeant, unless his uniform indicated his position. There was
testimony in the record to the effect that these men were in the res-
taurant only when on duty, from all of which we conclude that the
jury was justified in finding the soldiers were in uniform when they
received the whisky.

[3] Defendant relies chiefly, however, upon the claim that the gov-
ernment is estopped from prosecuting this case, because its officers
induced defendant to commit the crime, citing Voves v. United States,
249 Fed. 191, 161 C. C. A. 227. Passing for the moment the gov-
ernment's assertion that no claim of estoppel was ever made in the
District Court, to a consideration of the evidence, we are persuaded
that no jury question was presented upon this issue.

Three witnesses, soldiers at Camp Grant, testified for the govern-
ment. They were members of the military police. Their duty was
to secure evidence against persons selling whisky to soldiers. From
their statement it appears the defendant sold whisky on the 3d, 5th,
8th and 18th of February to one or more of them; that they received
this whisky in bottles that bore a grape juice label; that on the last
occasion they asked for a larger bottle, adding that they "were put-
ting on a little party." On this occasion the defendant left the res-
taurant, went to a nearby hotel, where he filled the larger bottle with
whisky and brought it back, receiving $1.50 therefor.

But if we are to determine whether any jury question in reference
to this issue was presented by the evidence, we may, as we are doubt-
less required to do, ignore entirely this testimony and confine our
attention to the defendant's story.

Defendant testified that one of the soldiers, W., came into the res-
taurant almost daily, spent considerable time visiting with defendant,
and became friendly with him and his family, including the children.
During one of these visits he asked for a drink of whisky and was
refused. This request was repeated on various occasions, and was
always refused. Finally, after defendant had just returned from a
trip to Chicago, W. complained of being despondent. To quote de-
fendant's exact language the soldier said:

"If you don't give me some, I don't know what I am going to do with
myself."
"You won't find me alive."
"You have got to give me a little to quiet me down."

Whereupon defendant gave him whisky, and W. left a half dollar.
On one of the other occasions defendant stated that one of the
soldiers complained of having a headache, while on the last occasion,

the day before the larger bottle was obtained, two of .the soldiers brought a note from W., which told of W.'s confinement to his bed and his need of whisky. The next day, the 18th, three of the soldiers were present, and defendant admits that he was told that they desired a larger amount in order to "put on a party." For this larger bottle he received $1.50.

This story discloses no deception on the part of the government officers. Defendant knew he was violating the statute—knew the parties to whom the liquor was sold were soldiers. No excuse whatever is offered for the third and fourth violations; for, if a soldier may absolve the vendor from liability by saying he has a headache, the statute is entirely useless.

[4] Quite different was the Voves Case. There the government not only used a decoy, but selected one whose appearance and dress was such as to deceive the defendant into believing the Indian was one of a Mexican crew working in the neighborhood. More, when the defendant made the announcement that the decoy was a Mexican, the government agents sat by and did not dispute him. In that case the defendant was lured into committing a crime by the government's deception. Upon such circumstances the prosecution was unwarranted.

But something more than the mere use of decoys or detectives by the government is necessary to raise an issue of estoppel. Grimm v. United States, 156 U. S. 604, 610, 15 Sup. Ct. 470, 39 L. Ed. 550; Goode v. United States, 159 U. S. 663, 669, 16 Sup. Ct. 136, 40 L. Ed. 297. There must be deception of such a character as to make it unconscionable for the government to press its case.

In the present action, defendant was suspected of selling liquor to soldiers. The suspicions appeared well founded. Members of the military police were asked to put the defendant to the test. He was tempted, not once by a single soldier, but on several occasions by one soldier, by two soldiers, and by three soldiers. The men dressed as soldiers, known to the defendant as such, asked for whisky, and it was sold them.

We find nothing that required the court to submit to the jury any issue of estoppel.

The judgment is affirmed.