## RAMSEY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 4, 1920.)

### No. 3404.

1. **Criminal law ⬤⟳1044—Review of evidence unnecessary, in absence of motion for directed verdict.**

   Where accused made no motion for a directed verdict, the Circuit Court of Appeals is under no obligation to consider the sufficiency of the evidence, although it may do so.

2. **Criminal law ⬤⟳1159(2)—Appellate court cannot weigh evidence.**

   If there is substantial evidence tending to sustain the conviction, a Circuit Court of Appeals cannot weigh the testimony.

3. **Criminal law ⬤⟳1156(1)—Denial of new trial reviewable only for abuse of discretion.**

   A motion by accused for new trial is addressed to the judicial discretion of the trial judge, and the denial of such motion in the exercise of such discretion cannot be reviewed, unless the discretion was abused.

4. **Witnesses ⬤⟳372(1)—Limiting cross-examination as to interest of witness held within discretion.**

   In a prosecution for illegal sale of intoxicating liquor, where the witnesses had already been cross-examined to show their motive and intent in their activities with reference to the sale in question, it was not an abuse of the trial court's discretion to reject further cross-examination in the same general line.

5. **Criminal law ⬤⟳37—Purchase by decoy witness no defense to prosecution for sale of liquor.**

   The fact that a witness who purchased intoxicating liquor was a decoy, acting on behalf of a government officer, is no defense to a prosecution for the illegal sale.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

A. B. Ramsey was convicted of selling distilled spirits for beverage purposes, in violation of the War-Time Prohibition Act, and he brings error. Affirmed.

Abe Cohn and Jesse Edgington, both of Memphis, Tenn., for plaintiff in error.

Thomas J. Walsh, Asst. U. S. Atty., of Memphis, Tenn. (W. D. Kyser, U. S. Atty., of Memphis, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff in error was convicted of selling distilled spirits for beverage purposes on July 12, 1919, in violation of the War-Time Prohibition Act, Nov. 21, 1918, c. 212, subd. 4 (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/₁₂f–3115$^{11}$/₁₂ggg). This writ is to review the judgment.

A motion in arrest of judgment, on the ground that the War-Time Prohibition Act (a) was unconstitutional, and (b) had ceased to be operative, was overruled. A motion for new trial was denied. The sufficiency of the evidence to sustain conviction is challenged, and complaint is made of the exclusion of certain proffered evidence. There was no exception to the charge of the jury, which is not sent up.

1. The contentions of plaintiff in error made under the motion in arrest of judgment have been foreclosed by the decision of the Supreme Court in Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. 194.

[1, 2] 2. There was no motion to direct verdict. We are therefore under no obligation to consider the sufficiency of the evidence, although we may do so.. Crawford v. United States, 212 U. S. 183, 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Sylvia v. United States (C. C. A. 6) 264 Fed. 593, 594. There was substantial evidence tending to sustain the conviction. We cannot weigh the testimony. Burton v. United States, 202 U. S. 345, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Kelly v. United States (C. C. A. 6) 258 Fed. 392, 406, 407, 169 C. C. A. 408; West v. United States (C. C. A. 6) 258 Fed. 413, 421, 169 C. C. A. 429.

[3] 3. The motion for new trial was addressed to the judicial discretion of the trial judge. This discretion was not abused in the denial of the motion, and we therefore cannot review the exercise of discretion in so doing. Robinson v. Van Hooser (C. C. A. 6) 196 Fed. 620, 116 C. C. A. 294.

[4] 4. The evidence excluded was offered by way of cross-examination to show the motive and intent of the respective witnesses in their activities with reference to the sale in question. There had already been cross-examination evidently addressed to the same purpose. Plainly there was no abuse of discretion in rejecting further examination in the same general line. Memphis St. Ry. Co. v. Bobo (C. C. A. 6) 232 Fed. 708, 712, 146 C. C. A 634.

[5] 5. The record contains what appears to be a suggestion that the conviction ought not to stand, or, perhaps more specifically, that the government is estopped from prosecuting the case on the ground that the commission of the offense, if any, was procured by one of the witnesses referred to, acting on behalf of a government officer. The record is not such as to give this proposition any force. The fact that the witness was a decoy is not a defense to prosecution for the sale. Grimm v. United States, 156 U. S. 604, 610, 15 Sup. Ct. 470, 39 L. Ed. 550; Goode v. United States, 159 U. S. 663, 669, 16 Sup. Ct. 136, 40 L. Ed. 297; Goldman v. United States (C. C. A. 6) 220 Fed. 57, 62, 135 C. C. A. 625; Goldstein v. United States (C. C. A. 7) 256 Fed. 813, 168 C. C. A. 159. The case does not fall within Woo Wai v. United States (C. C. A. 9) 223 Fed. 412, 137 C. C. A. 604.

The judgment is affirmed.