STATE, RESPONDENT, v. JENKINS, APPELLANT.

(No. 5,216.)

(Submitted January 27, 1923. Decided March 3, 1923.)

[213 Pac. 590.]

*Criminal Law—Intoxicating Liquors—Unlawful Sale—Informa-*
*tion — Sufficiency — Surplusage — Common Nuisances —*
*Evidence—Detectives—Accomplices.*

Intoxicating Liquors — Detectives—Cross-examination—Evidence—Immateriality.
   1. In a prosecution for violation of the liquor law, answers to questions on cross-examination asked a detective employed by the county attorney for the purpose of securing evidence, whether he had not been bootlegging at a certain place, whether he knew that the purchase of liquor was a crime, whether he came to Montana voluntarily or was sent for, *etc.*, were properly excluded as immaterial and irrelevant.

Same—Unlawful Sale—Information—Surplusage—Variance.
   2. The information charged the selling of "certain intoxicating liquors known as whisky." The evidence proved the liquid to have been "moonshine." At the close of the trial the court directed the information to be amended by striking out the word "whisky" and inserting the words "certain spirituous liquors containing more than one-half of one per cent of alcohol by volume," *etc.* *Held*, that the information having charged that the liquor sold was intoxicating, it was sufficient, that the word "whisky" was surplusage and that the failure of the state to prove that the liquor sold was whisky was not a fatal variance.

Same—Unlawful Sale—Information—Sufficiency.
   3. An information, charging that defendant did possess certain intoxicating liquor intended for use by him in violation of law, to-wit, intended for selling, and which act was then and there prohibited and unlawful, *held* to state facts sufficient to constitute a public offense; the omission of the word "unlawfully" as modifying the verb "possess" not rendering the information defective.

Same—Detectives—Not Accomplices.
   4. Detectives employed by the state to ferret out violations of the liquor laws and who purchase liquor for that purpose, and not with the intention of aiding, encouraging or abetting the commission of the offense, are not accomplices of the defendant in the commission of the offense.

Same—"Accomplice"—Definition.
   5. An accomplice is one who knowingly, voluntarily and with common intent with the principal offender unites in the commission of a crime.

---

   4. Instigation or consent to crime for the purpose of detecting criminal as a defense to prosecution, see notes in 17 **Ann. Cas.** 295; **Ann. Cas.** 1916C, 730; **Ann. Cas.** 1917D, 954; 51 **L. R. A.** 825; 18 **A. L. R.** 162.

Same—Common Nuisances—Evidence of One Sale Insufficient to Consti-
tute Place a Nuisance.

6. *Held,* that one sale of intoxicating liquor, without repetition,
with no other evidence of law violation or facts strongly indicating
either habitual sales, continued violation or such recurrence of unlaw-
ful acts as to colorably indicate the unlawful character of the use
of the place, is insufficient to establish its character as a common
nuisance within the meaning of the Prohibition Act (Chap. 9, Laws
Extra. Session 1921).

*Appeals from District Court, Silver Bow County; Jeremiah
J. Lynch, Judge.*

DAVID JENKINS was convicted of violation of the liquor laws,
and he appeals from the judgment and the order denying a
new trial. Remanded, with directions to modify judgment.

*Mr. Geo. D. Toole* and *Mr. Charles S. Wagner,* for Appel-
lant, submitted a brief: *Mr. Wagner* argued the cause orally.

Under the law as it now exists a purchaser of intoxicating
liquors is equally guilty with the seller thereof, and the con-
tention is that the purchaser thereby becomes an accomplice,
and a conviction cannot be had upon the uncorroborated tes-
timony of an accomplice. Under the Volstead Act as adopted
by the state of Texas, the precise question has been passed
upon in favor of the contention here advanced. (*State* v.
*Franklin,* 88 Tex. Cr. 342, 227 S. W. 486; *Thomas* v. *State,* 89
Tex. Cr. 129, 230 S. W. 159, 160; *State* v. *Ryan,* 1 Boyce (Del.),
223, 75 Atl. 869; *State* v. *Fullman,* 7 Penne. (Del.) 123, 74
Atl. 1; *Crosby* v. *Commonwealth* (Va.), 110 S. E. 170.)

Where the information charges a specific kind of liquor by
name, it must be proved as alleged. (23 Cyc. 264, note 46;
*State* v. *Smith,* 7 Okl. Cr. 4, 120 Pac. 1031; *McRobert* v. *State,*
49 Tex. Cr. 288, 92 S. W. 804; *Yoather* v. *State,* 5 Okl. Cr.
App. 46, 113 Pac. 234.)

The proof wholly fails to show a common nuisance. (*United
States* v. *Cohen* 268 Fed. 420; note to *Scott* v. *State,* 37 N. D.
90, L. R. A. 1917F, 1107, 1110, 163 N. W. 813; *United States*
v. *Schott,* 265 Fed. 429.)

*Mr. Wellington D. Rankin,* Attorney General, for Respondent, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, argued the cause orally.

"A detective who is engaged in attempts to discover violations of the law is not an accomplice of one charged with such a violation, even though the detective may have been instrumental in procuring the specific violation of the law on which the prosecution is based." (*Harrington* v. *State,* 36 Ala. 236; *People* v. *Bolanger,* 71 Cal. 17, 11 Pac. 799; *People* v. *Bunkers,* 2 Cal. App. 197, 84 Pac. 364; *State* v. *Gibbs,* 109 Minn. 247, 123, 25 L. R. A. (n. s.) 449, N. W. 810; *Grimm* v. *United States,* 156 U. S. 604, 39 L. Ed. 550, 15 Sup. Ct. Rep. 470 [see, also, Rose's U. S. Notes]; *Baumgartner* v. *State,* 20 Ariz. 157, 178 Pac. 30; *State* v. *Gibbs,* 109 Minn. 247, 25 L. R. A. (n. s.) 449, 123 N. W. 810; *State* v. *Bustick,* 90 Or. 466, 177 Pac. 64. An accomplice at common law was a competent witness. (16 C. J. 684; *Byrd* v. *Commonwealth,* 2 Va. Cas. (4 Va.) 490.)

It was charged that the liquor was intoxicating, and it was unnecessary to allege the kind of liquor that appellant was charged with selling or being in unlawful possession of, since it was alleged to be "intoxicating liquor." (23 Cyc. 228; *State* v. *Harris,* 101 Or. 410, 200 Pac. 926; *State* v. *Sullivan,* 97 Wash. 639, 166 Pac. 1123.) Therefore, the words "known as whisky" and "whisky" are surplusage. There would have been no fatal variance had no amendment been permitted. Where the general term "intoxicating liquor" is used, and a particular kind of liquor is named under a *videlicet,* proof of another kind of intoxicating liquor is not a fatal variance, the naming of the precise kind of liquor not being an essential part of the description of the offense. (*State* v. *Fellis,* 35 Idaho, 584, 207 Pac. 1074; *State* v. *Duncan,* 40 Mont. 531, 107 Pac. 510; 23 Cyc. 264.)

MR. CHIEF COMMISSIONER LAW prepared the opinion for the court.

David Jenkins was informed against in the district court of Silver Bow county for the violation of the provisions of Chap-

ter 9 of the Extraordinary Session Laws of Montana of 1921. The information contained three counts, the first charging an unlawful sale of intoxicating liquors, the second an unlawful possession of intoxicating liquors, and the third the maintenance of a common nuisance. He was tried and found guilty on each of the three counts, and has appealed to this court from the judgment of conviction and order overruling his motion for a new trial.

Twelve specifications of error are assigned, the first seven of which relate to the action of the trial court in sustaining objections to questions asked by the defense of state's witnesses Lindstrum and Anderson, investigators employed by the county attorney for the purpose of securing evidence of illegal sales of intoxicating liquors.

Defendant's counsel, on cross-examination, asked the witness [1] Lindstrum if he had not been bootlegging at a certain place in Butte in the months of September, October and November, 1920, to which question an objection upon the ground that it was immaterial and irrelevant was sustained. Defendant's counsel contend that such evidence was admissible to show interest, bias and prejudice of the witness. We are unable to understand just how an admission by the witness that he had done all of the things indicated by the question would in anywise tend to prove interest, bias and prejudice. The evident purpose of the questions was to impeach the credibility of the witness by imputation of particular wrongful acts, and of course this cannot be done in this state except it may be shown that the witness has been convicted of a felony. Other questions were asked concerning witness' knowledge of the purchase of liquor being a crime and the number of soft drink parlors in the vicinity of defendant's place of business, to which objections upon the grounds of irrelevancy and immateriality were sustained, and we think properly so, as no one of the questions tended in any manner to prove or disprove any material fact at issue or to reflect on the credibility of the witness in any degree. The objection to the question asked

of the witness Anderson as to whether he came to Montana on his own volition or was sent for was properly sustained upon the ground of irrelevancy.

At the close of the trial, upon motion, the court directed the [2] information to be amended by striking out the word "whisky" and inserting the words "certain spirituous liquor containing more than one-half of 1 per centum of alcohol by volume," which was then and there fit for use for beverage purposes. The information charged the selling of "certain intoxicating liquors known as whisky." The witness Easton, a chemist, testified that he had analyzed the contents of the liquid sold, and found it to contain forty per cent ethyl alcohol and an artificial coloring of caramel, or brown sugar, and that the liquid was known as moonshine whisky. No objection was made by the defendant to the introduction of the analysis. On cross-examination the witness stated that the bottle did not contain real whisky, only an imitation of whisky. Whisky required aging for at least four years. It was not real whisky, but was moonshine. By real whisky he meant whisky which had been aged in order to blend the fusel oil into the customary acetates which gives it the proper aroma and flavor of whisky. The fusel oil had been taken out of the liquid, and it contained no poisonous ingredients. The information charged that the liquid sold was intoxicating. The kind of liquor, whether, it be whisky, brandy, or gin, is unimportant if it in fact be intoxicating within the meaning of the law. By the specific provisions of section 11048, Revised Codes of 1921, the word "liquor" or the phrase "intoxicating liquor" shall be construed to indicate alcohol, whisky, rum, gin, beer, etc., and section 11111 provides expressly that it shall not be necessary, in prosecutions under the laws of this state relating to intoxicating liquors, to state in the information or complaint or indictment the kind of liquor sold or manufactured, etc. We are therefore of the opinion that there was no error in directing the amendment of the information, and that no fatal variance occurred by reason of the failure of the state to prove

that the liquid sold was whisky. It was sufficient to prove that it was intoxicating liquor fit for beverage purposes, and the phrase "known as whisky" could have and should have been regarded as surplusage. (*State* v. *Griebel*, 65 Mont. 390, 211 Pac. 331; *State* v. *Marchindo*, 65 Mont. 431, 211 Pac. 1093.)

We think that there is no merit in defendant's contention [3] that the second count of the information does not state facts sufficient to constitute a public offense. In that count defendant is charged with "unlawfully possessing intoxicating liquors committed as follows, to-wit, that at the county of Silver Bow, state of Montana, on or about the 14th day of March, 1921, and before the filing of this information, the said defendant did willfully, knowingly, wrongfully and intentionally possess certain intoxicating liquor, to-wit, * * * intended for use by the said defendant in violation of the laws of the state of Montana, to-wit, intended by said defendant for selling, and which act was then and there prohibited and unlawful," *etc.* We cannot agree with counsel that it is not clear that the defendant is charged with the unlawful possessing of intoxicating liquors. We think that, while the word "unlawfully" might have been included with the other adverbs modifying the verb "possess," the omission does not render the information defective. Section 11078, Revised Codes of 1921, expressly provides that in any information for the violation of the prohibitory Act, it shall be sufficient to state that the act complained of was then and there prohibited and unlawful. The information in our opinion meets all of the requirements of the statute, and we believe the defendant had no trouble in understanding that he was charged with the unlawful possession of intoxicating liquor by this count.

It is urged that the detectives were accomplices of the defendant in making the sale, and consequently the defendant [4] could not be convicted on their testimony unless corroborated. The question as to whether detectives employed by state officers for the purpose of detecting crime are accomplices in the commission of the offense is a cause of much

diversity of opinion by the courts. In several states the courts
have adopted the rule that such persons are accomplices and
their evidence requires corroboration. We find, however, the
majority of the courts holding to the contrary rule, which
we think is supported by the better reasoning. (*People* v.
*Noelke*, 94 N. Y. 137, 46 Am. Rep. 128; *Grimm* v. *United
States*, 156 U. S. 604, 39 L. Ed. 550–552, 15 Sup. Ct. Rep.
470 [see, also, Rose's U. S. Notes]; *State* v. *Gibbs*, 109
Minn. 247, 25 L. R. A. (n. s.) 449, 123 N. W. 810; *State*
v. *Baden*, 37 Minn. 212, 34 N. W. 24.) It may be said
that "an accomplice is one who must knowingly, voluntarily,
[5] and with common intent with the principal offender unite
in the commission of a crime." (1 R. C. L., p. 158.) While
it may properly be urged that there can be no sale without
a purchaser, that the purchaser contributes as much to the
violation of the law as the vendor, it must be borne in mind,
however, that the intention of the vendor is different from that
of the detective vendee. The object of the vendor is with
criminal intent to violate a law of the state, and that of the
vendee to determine whether the defendant is engaged in such
violation, not to encourage, but to discourage, the commission
of the offense; not to conceal and cover, but to disclose the
violation of the law. There is absent the community of
motive between the vendor and vendee in such cases which is
necessary to constitute one an accomplice. Of course the rule
here announced would not apply if the evidence disclosed, as
it does in some cases, that it was the purpose of the detectives
to invite or solicit the commission of an offense as distinguished
from a *bona fide* attempt to ascertain whether a party is en-
gaged in an unlawful business. The informers in this case
sought to obtain information to this effect directly from the
defendant. From the point of view of the prosecution, it may
be said that the informers were detectives employed to sup-
press violation of the law; from that of the defendant a spy,
spotter, stool-pigeon, but in no sense a party to the criminal
act or intent to become an accomplice. We are therefore

of the opinion, since detectives purchased the liquor for the purpose of detecting and punishing the crime, and not with the intention of aiding, encouraging, or abetting the commission of the offense, they cannot properly be regarded as accomplices of the defendant in the commission of the offense.

Finally it is contended that the evidence is insufficient to [6] sustain a conviction on the third count of the information charging the unlawful maintenance of a common nuisance, as defined by section 11086, Revised Codes of 1921. The argument of both appellant and respondent is directed solely to the question as to whether evidence of one sale of liquor, of itself is sufficient proof that a common nuisance is being maintained by the vendor. It seems that a few of the courts have carelessly stated the rule that evidence of a single sale is sufficient to establish the character of the place where the sale is made as a common nuisance. Upon examination of the facts as disclosed in the opinions of the majority of these cases, however, we find evidence of other facts and surrounding circumstances tending strongly to indicate the character of the places where the sale was made. We cannot agree that evidence of one sale, without repetition, with no other evidence of law violation or facts strongly indicating either habitual sales, continued violation, or such recurrence of unlawful acts as to colorably indicate the unlawful character of the use of the house, would constitute a nuisance. It is not the crime of selling a single drink of liquor which constitutes the nuisance, but it is the maintenance and use of the room or house for so doing the unlawful acts which constitute the nuisance. We think the better rule to be that suggested by Judge Evans in *Lewinsohn* v. *United States* (C. C. A.), 278 Fed. 421, where he says: ''Counsel stresses the necessity of proving repeated sales in order to justify a finding of a common nuisance. But such a test is neither an accurate nor an exclusive one. The court might well conclude from evidence of a single sale that the room or the building was a common nuisance, and that it was a place where liquor was 'being

[66 Mont. 359.]

manufactured, sold, kept or bartered' in violation of the statute. No doubt repeated sales of the same beverage on other occasions and under other circumstances might justify greater certainty in the trier's mind as to the use to which the building was being put. There could be, however, an almost irrefutable conclusion drawn from a single sale, provided the facts surrounding such sale warranted the inference that it was one of the ordinary and usual incidents of the business there conducted. To illustrate: Assume A., B., and C. as strangers enter a room, having the appearance and equipment of a saloon, and well occupied by customers, and approach the bar and, openly and in such a tone as to be heard by all, ask the price of a drink of whisky, are informed that it is 75 cents a drink, and thereupon pay the money. The whisky is poured out and there drunk, all in plain sight of those present. Could there be any question that such evidence would support a finding that the premises were being used as a common nuisance within the definition of section 21 of the Act? In fact, such evidence might be much more persuasive and conclusive than several gifts or sales of liquor, made secretly and by one other than the proprietor; also it might be more persuasive than the mere discovery under a search-warrant of a considerable quantity of liquor contained in bottles, duly sealed, unaccompanied by any evidence that such liquor had been brought to the premises since the passage of the Volstead Act.''

In this case the record is barren of any item of evidence of sales other than the one complained of. We are left to use our imagination for the character of the surroundings or furnishings within the building, the use to which the building was put, except the general statement that it was used as a soft drink parlor, or any other evidence indicative of the existence of conditions surrounding the sale sufficient to bring the case within the rule herein declared. We are therefore of the opinion that the evidence is insufficient to sustain the conviction on the third count of the information, and therefore recommend that the order denying the motion for a new trial

be affirmed; that the cause be remanded to the district court of Silver Bow county, with directions to modify the judgment entered against the defendant by reducing the total fine imposed by the sum of $100, and the period of imprisonment by thirty days, such amount and period of time being the penalty assessed for the conviction under the third count, and that, as so modified, the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the order denying the motion for a new trial is affirmed; the cause is remanded to the district court of Silver Bow county, with directions to modify the judgment by reducing the total fine imposed by the sum of $100 and the period of imprisonment by thirty days; and, as so modified, the judgment is affirmed.

*Modified and affirmed.*