## UNITED STATES v. HEALY.

(District Court, D. Montana. February 3, 1913.)

No. 239.

**1. CRIMINAL LAW (§ 37*)—CRIMINAL OFFENSE—DECOYS.**

Decoys are permissible to entrap criminals, or to present opportunity to those having intent to or who are willing to commit crime, but not to create criminals, or to ensnare the law-abiding into committing an offense without an intent to do so.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 42; Dec. Dig. § 37.*]

**2. CRIMINAL LAW (§ 37*)—DECOYS—INTENT.**

Where a statute makes an act a crime regardless of the actor's intent or knowledge, ignorance of fact is no excuse if the act is done voluntarily; but if done on solicitation by the government's instrument to that end ignorance of fact shows the act to have been involuntary, and estops the government from claiming a conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 42; Dec. Dig. § 37.*]

**3. CRIMINAL LAW (§ 37*)—SELLING LIQUOR TO INDIANS—OFFENSES—DECOYS.**

Where an Indian decoy of government officers so concealed the fact that he was an Indian as to mislead defendant and induce him to sell intoxicating liquors to him, in order to procure defendant to commit the crime of selling liquor to an Indian, the sale, under such circumstances, was insufficient to sustain a conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 42; Dec. Dig. § 37.*]

Dennis Healy was convicted of selling intoxicants to an Indian. Judgment vacated, and defendant discharged.

James W. Freeman, U. S. Atty., and S. C. Ford, Asst. U. S. Atty., both of Helena, Mont.

M. F. Canning and P. E. Geagan, both of Butte, Mont., for defendant.

BOURQUIN, District Judge. In this case the court, of its own motion, vacates the sentence and judgment, sets aside the verdict, and discharges the defendant. The conviction was for a felony, an unlawful sale of intoxicating liquor to an Indian, contrary to Act Jan. 30, 1897, c. 109, 29 Stat. 506. The evidence was that the sale was solicited from defendant, in the ordinary course of his trade of retail liquor dealer in the city of Butte, by said Indian, who therein was in the service of government officers as a decoy. It was claimed that there was suspicion that defendant was making like unlawful sales, and it was sought to entrap him. In this instance defendant was ignorant that the purchaser was an Indian, and nothing in the latter's dress, speech, manner, or appearance served to put him on in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quiry therein; the Indian approximating those not Indians. The court instructed the jury that in view of the evidence its duty was to convict, and the jury returned a verdict accordingly.

After further consideration, I am persuaded a conviction under such circumstances is unjust and contrary to public policy. Hence, the conviction having been at this term, the judgment being "in the breast of the court," and the court having full power over it, the order vacating the same. See Ex parte Lange, 18 Wall. 167, 21 L. Ed. 872.

[1, 2] Decoys are permissible to entrap criminals, but not to create them; to present opportunity to those having intent to or willing to commit crime, but not to ensnare the law-abiding in unconscious offending. Where a statute, as here, makes an act a crime regardless of the actor's intent or knowledge, ignorance of fact is no excuse if the act be done voluntarily; but when done upon solicitation by the government's instrument to that end ignorance of fact stamps the act as involuntary, and excuses, or at least estops the government from a conviction. In the former case the actor is bound to know the facts, and acts at his peril. In the latter case he is relieved of the obligation by the government's invitation, which is of the nature of fraudulent concealment and deceit, and, if not consent, yet doth work an estoppel. Though the seller has violated the statute, he was the passive instrument of the government, and his is a blameless wrong for which he cannot be justly convicted.

[3] If, however, the decoy is one whose appearance, or otherwise, conveys knowledge of his disability, or is sufficient to put the seller on inquiry, any sale made is voluntary, establishes guilt, and warrants conviction. For in such case the seller is either of guilty intent, or negligent ignorance or recklessness, which relieves the government's participation of any taint of fraudulent concealment or deceit.

It will be observed the case at bar is not of those where the actor knows his act violates the law. Of the latter is he who, on solicitation, sells or passes money known to him to be counterfeit, or he who thus mails prohibited matter, or he who thus sells intoxicants without a license or in "dry" territory. These latter acts are criminal, let the status of the solicitor be what it may; and hence that he is a decoy does not neutralize the criminal quality of the act.

In the case at bar the act is innocent but for the status of the solicitor, and because he is a decoy of concealed disability the act is blameless, and there is estoppel against conviction. Were it otherwise, honest men could easily be made felons. Many of the government's Indian wards are not distinguishable from Caucasians.

Any purveyor of liquors, and any one moved by hospitality to share thereof with guests, ignorant of their status, would unhesitatingly sell or give to them. As decoys in the service of government officers, what instruments of oppression they might be to men devoted to law, but ignorant of their disability! That the seller is suspected of voluntary like sales does not justify entrapping, as here; for thereby a law-abiding person may as easily be ensnared. And

the result proves nothing but overzeal, to put it mildly, of government officers. The practice cannot be tolerated, and a conviction for an offense so procured cannot stand.