## BAKOTICH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1925.)

No. 4354.

Criminal law ⬥814(8, 9)—Requested instruction held inapplicable.

Refusal of a requested instruction on the subject of entrapment *held* not error, where no such issue was raised by the evidence.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Criminal prosecution by the United States against Pasco Bakotich. Judgment of conviction, and defendant brings error. Affirmed.

Charles W. Robison, of Astoria, Or., and E. M. Morton, of Portland, Or., for plaintiff in error.

John S. Coke, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error was convicted under an indictment charging unlawful possession and sale of moonshine whisky and maintenance of a nuisance. He assigns as error the refusal of the court to give certain requested instructions pertaining to entrapment and to the giving of an instruction upon the use of decoys.

The first request refused was to the effect that, where criminal intent originates in the mind of the defendant, the fact that officers used decoys or truthful statements to furnish opportunity for the accused to commit the crime, in order to prosecute him, is not a defense, but that, if the accused never con-

ceived any intention of committing the offense, the fact that the officer incited, or by persuasion and misrepresentation induced, him to commit the offense charged, in order to entrap him, then the accused is entitled to acquittal. In the second request the court was asked to charge that, where criminal intent originates in the mind of the entrapping person, and the accused is lured into the commission of the offense charged, as a rule no conviction can be had, and the criminality of the act is not affected by any question of consent, and that if, in the case before the jury, it was found that the officer lured or induced defendant to commit the offense charged, in order to prosecute him, then the verdict should be acquittal.

In the instructions given the court referred to the use of a decoy, saying that, for the purpose of determining whether a crime had been committed, an officer may approach a person suspected and propose to purchase liquor from him, and that in the case then before the jury the officer had the right to go to defendant and propose to buy whisky for the purpose of ascertaining whether or not the defendant was engaged in the business of selling liquor. The testimony of the prosecution was to the effect that Bakotich kept a place where soft drinks, tobacco, and cigars were sold; that about the date named in the information the officer (McGhee) went into defendant's place, and there bought and paid for some liquor served to him by defendant. Defendant testified in his own behalf, and denied that he had made a sale of liquor to the police officer, but said he had given him a drink of liquor at the request of the officer, who said he was very sick. He also said the officer offered him a half a dollar, but that he refused to accept any pay for the drink.

If the testimony of the prosecution was accepted, as it was, what the officer did was merely to give defendant, who was then under suspicion an opportunity to make a sale of liquor—an opportunity, so the jury have found, availed of by defendant. Defendant offered no evidence of entrapment into making a sale. He denied that a sale was made, and founded his defense upon the position that he made a gift to the man, because he believed he was ill. The real question, therefore, was whether there was a sale or a gift. Upon that point the court very clearly instructed that the burden of proving a sale was upon the government. "Of course," said the court, "the government, having alleged a sale, must prove a sale, and if the defendant gave the liquor to McGhee without a con-

sideration the count is not proven; but the question here is for you to determine, as between these two men, which one is telling the truth. Is McGhee telling the truth when he says he paid 50 cents for the liquor, or is the defendant telling the truth when he says he gave the liquor to McGhee?" We cannot see how defendant was prejudiced by the refusal of the court to give the instructions requested.

The judgment is affirmed.