STATE, Respondent, v. P. E. JOHNSON and THOMAS CASTLE, Appellants.

[246 Pac. 531.]

INFANTS — CONVICTION FOR SALE OF CIGARETTES TO MINOR — PURCHASE INDUCED BY SHERIFF.

1. Conviction for sale of cigarettes to minor under C. S., sec. 8363, as amended by Laws 1921, chap. 185, will not be set aside as a matter of public policy because minor made purchases at direction of sheriff.

2. That sheriff caused minor to enter stores and offer to make purchase of cigarettes does not prevent sales from being criminal under C. S., sec. 8363, as amended by Laws 1921, chap. 185.

3. C. S., sec. 8363, as amended by Laws 1921, chap. 185, prohibits sale of cigarettes to minors.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Judgment of conviction of each defendant of the crime of sale of cigarettes to a minor. *Affirmed.*

George Donart, for Appellants.

A person who is entrapped into the commission of a wrongful act without any criminal design on his part, and without any attempt to carry out a criminal purpose of his own conception, does not thereby become guilty of a crime. (*State v. Mantis,* 32 Ida. 724, 187 Pac. 268; *United States v. Healy,* 202 Fed. 349.)

The sale of cigarettes to all minors is not prohibited by the statutes of Idaho. Such sales are prohibited only to that class of minors enumerated in C. S., sec. 8363, as amended by section 2, chap. 185, Sess. Laws of 1921.

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

"Entrapment into the commission of a crime is not a defense in the sense of a justification or excuse for an act which otherwise would be criminal, but it resolves itself into a question of whether the accused committed any crime." (*State v. Mantis,* 32 Ida. 724, 187 Pac. 268.)

When it appears that the person charged with the offense did himself everything necessary to make a complete offense against the law, the fact that he was entrapped into the commission thereof is immaterial. (*People v. Collins,* 53 Cal. 185; *State v. Jansen,* 22 Kan. 498; *State v. Hayes,* 105 Mo. 76, 24 Am. St. 360, 16 S. W. 514.)

Publisher's Note.

1. See 8 R. C. L. 127.

See Infants, 31 C. J., sec. 15, p. 994, n. 78.

In acts *mala in se* the intent governs. In acts *mala prohibita* the intent does not govern, and the only inquiry is, has the law been violated? (*State v. Sheehan*, 33 Ida. 103, 190 Pac. 71; *State v. Sterrett*, 35 Ida. 580, 207 Pac. 1071.)

WM. E. LEE, J.—Appellants were separately charged and convicted of selling cigarettes to a minor (C. S., sec. 8363, as amended 1921 Sess. Laws, chap. 185, p. 385). They contend that the evidence is insufficient to sustain the verdict, in that it appears that they were entrapped by the sheriff into making the alleged sales under the belief that the minor was an adult. The minor was six feet and one inch tall, weighed 175 pounds and was seventeen years old. He accompanied the sheriff from Payette to Fruitland and New Plymouth, where he entered the places of business of appellants and purchased from each of them a package of cigarettes, paying therefor money given him by the sheriff.

To support his contention that the conviction cannot be sustained, counsel cite *State v. Mantis*, 32 Ida. 724, 187 Pac. 268, and *United States v. Healy*, 202 Fed. 349. The Mantis case states what we believe to be the general rule relating to the law of entrapment, but it in nowise supports appellants. In that case a man was convicted "of attempting to induce a female to reside with him for immoral purposes," and it was necessary to prove an intent as well as an attempt. The "attempting" was all done by the female; and the evidence was clearly insufficient to sustain the conviction. The Healy case is against appellants, for the court said:

"If, however, the decoy is one whose appearance, or otherwise, conveys knowledge of his disability, or is sufficient to put the seller on inquiry, any sale made is voluntary, establishes guilt, and warrants conviction. For in such case the seller is either of guilty intent, or negligent ignorance or recklessness, which relieves the government's participation of any taint of fraudulent concealment or deceit."

In an instruction, to which no objection was made, the court told the jury, "that if you find from the evidence that the witness David J. Krost was a minor, as alleged,

at the time of any alleged sale of cigarettes, but that any such sale of cigarettes to said David J. Krost was made by the defendant making the sale in good faith, and that such defendant had reason to believe and did believe David J. Krost to be of age, it is a good defense for any such defendant.

"Whether in this case any defendant did sell to a minor, and whether any defendant took reasonable care to find out whether said David J. Krost was a minor, and whether any defendant, in good faith, believed said Krost to be over the age of twenty-one years, are questions of fact to be determined by the jury in the case."

[1] By its verdict, the jury said that the sales of cigarettes were made to a minor; that they were not made in good faith; and that appellants had no reason to believe that the minor was an adult. Does the fact that the boy made the purchases at the direction of the sheriff require that the conviction be set aside as a matter of public policy? We think not. The purchases were neither induced nor procured by the sheriff. Appellants were not lured into the commission of the offense. They were merely furnished an opportunity to either violate the law or decline to do so. There was no persuasion to sell, nor misrepresentation as to the boy's age. The boy went into the stores and asked to buy cigarettes. It is true that the particular sales would not have been made but for the act of the sheriff, but they were made in the usual course of business, freely and voluntarily. Appellants were willing offenders, willing to make the sales to one who, the jury said, they had no reason to believe was an adult. The appellants, and each of them, did everything necessary to constitute the offense. [2] The fact that the sheriff caused the boy to enter the stores and offer to make the purchases does not prevent the sales from being criminal, nor necessitate setting aside the convictions. (*State v. Mantis, supra; United States v. Healy, supra; Salt Lake City v. Robinson*, 40 Utah, 448, 125 Pac. 657 (which is readily distinguishable from the more recent Utah case of *State v. McCornish*, 59 Utah, 58, 201 Pac. 637). See, also, note in 18 A. L. R., commencing on page 146.

[3] As to appellants' second contention we hold that the statute prohibits the sale of cigarettes to minors and that the minor to whom these sales were made is within the class contemplated by the statute.

Judgment affirmed.

Budge and Givens, JJ., concur.

Petition for rehearing denied.

WILLIAM A. LEE, C. J., Dissenting.—The following opinion was first prepared by myself recommending a reversal of the judgment of conviction for the reasons stated. A majority of the court did not approve the same and two separate opinions affirming the judgment, but for different reasons, were written. One of these opinions has now been withdrawn and I file my original opinion as a dissent with such modifications as make it applicable to the majority opinion as it now stands.

Appellants, P. E. Johnson and Thomas Castle, were severally prosecuted under C. S., sec. 8363, as amended Sess. L. 1921, c. 185, p. 386, charged with having "wilfully and unlawfully" sold to one David J. Krost, cigarettes, he being a minor under twenty-one years of age, and after trial and conviction they appealed to this court. By agreement, the trial of the two cases, and that of a third party who was acquitted, were consolidated and tried together and the appeals are taken on the same record.

The state's evidence, by which it secured these convictions, shows that appellants were merchants and severally operated stores, Johnson at Fruitland and Castle at New Plymouth, towns in the interior of the county, some five and ten miles respectively from Payette, the county seat; that appellants were induced to make these sales in the following manner: The sheriff procured one David J. Krost, who resides at Payette and claims to be under twenty-one years of age, to accompany him first to Fruitland where the officer furnished him with the money and instructed him to go into the store of appellant Johnson and purchase a package of cigarettes, while he, the sheriff, remained outside where

42 Idaho—25

he could observe the transaction, and after making such
purchase to return and deliver the cigarettes with which
instruction the witness complied. From there the sheriff
took the witness to New Plymouth where in like manner
a purchase was made at the store of appellant Castle, and
also from a clerk at the store of the third merchant who was
acquitted. This witness Krost weighs 175 pounds, is more
than six feet tall, and has the manner and general appear-
ance of an adult. He had never lived at New Plymouth
and had not lived at Fruitvale since he was a child about
ten years of age, and was not known to either of appellants.
Both the officer and the witness testified that he was taken
to each of these places for the sole purpose of purchasing
a package of cigarettes from each of these merchants, and
while neither of them have any independent recollection of
having made such sales, they do not deny that they may
have done so.

The whole transaction was cleverly designed by the officer
and witness for the sole purpose of entrapping these mer-
chants into making a sale of cigarettes to this witness, and
apparently each of them did make such a sale to Krost,
who was under twenty-one years of age. Appellants were
without any knowledge that they were selling to a minor, nor
did either of them have intent to violate the law, and the
sales would not have been made and the law violated, except
for these acts on the part of the officer and the witness as
here stated. From the testimony and the facts and circum-
stances surrounding the transaction, it is clear that this
particular witness was selected and taken to these towns
because his size and general appearance were such as not to
suggest or arouse suspicion that he was not of age, that he
was not known to the merchants from whom he made these
several purchases, and that he would not have gone there
to make them, except for the purpose of carrying out this
plan of the officer to entrap them into making unlawful
sales.

In order to entrap these merchants into making these
sales the officer had the witness himself violate the law, for
the statute makes "every minor person, who shall buy, ac-
cept or have in his possession any cigarette, cigar or tobacco

in any form, etc.," guilty of a misdemeanor. There is nothing in the record to indicate that these merchants were not law-abiding citizens or that they had been suspected of violating this law. Prior to the majority opinion, in this case, the courts in this country, including this court, have quite universally, so far as I have been able to find, condemned such proceedings, and held that a conviction obtained in this manner will not be permitted to stand.

In *State v. Mantis,* 32 Ida. 724, 187 Pac. 268, this court, speaking through Mr. Justice Rice, said:

"In this case there is no evidence that the appellant originated the criminal design of which he was accused and convicted, or that he wilfully and with criminal intent attempted to carry out the crime of which he was convicted after it was suggested to him."

In *Saunders v. People,* 38 Mich. 218, Marston, J., said, concerning a similar act:

"Some courts have gone a great way in giving encouragement to detectives, in some very questionable methods adopted by them to discover the guilt of criminals; but they have not gone so far, *and I trust never will,* as to lend aid or encouragement to officers who may, under a mistaken sense of duty, encourage and assist parties to commit crime, in order that they may arrest and have them punished for so doing."

And Campbell, C. J., said:

"The encouragement of criminals to induce them to commit crimes in order to get up a prosecution against them, is *scandalous and reprehensible.*"

The foregoing language is quoted with approval in *United States v. Adams,* 59 Fed. 674, at page 677.

In *State v. McCornish,* 59 Utah, 58, 201 Pac. 637, that court says:

"Policemen are conservators of the peace. It is their duty to prevent crime, not to instigate and encourage its commission. Nothing can be more reprehensible than to induce the commission of crime for the purpose of apprehending and convicting the perpetrator. To advise or encourage a criminal act is in itself a crime."

Upon rehearing, this court, speaking through Frick, J., said:

"The rule that officers of the law are not permitted to induce acts constituting crimes which would not have been committed but for such inducement, and that convictions based upon such inducements will not be permitted to stand, is both wholesome and salutary and should be enforced."

*Shouquette v. State* (Okl.), 219 Pac. 727, states the rule as follows:

"Where a private detective, in conjunction with officers of the court, acts as a decoy, and is himself the chief instigator of and performs the major part of the offense, such scheme will be deemed to be against public policy, constituting a good defense against the conviction of any who were induced to participate, and who would not have participated without such inducements."

The courts are equally unanimous in holding that where the facts of the entrapment are admitted or where the evidence shows, as in the instant case, that, except for the act of the officer in luring the appellants into the commission of an offense, which they had no design to commit and would not have committed except for the entrapment, the government or state is estopped from prosecuting for such acts, and where a verdict of guilty has been rendered upon evidence showing such a state of facts, the verdict of the jury will be set aside.

In *United States v. Healy,* 202 Fed. 349, the defendant had been convicted of unlawfully selling liquor to Indians, by means of a decoy, where the decoy was an Indian acting as a government agent. He so concealed the fact that he was an Indian that the defendant was induced to sell him liquor, believing him to be a person not within the restricted class. The court first submitted the cause to the jury and it returned a verdict of guilty, whereupon the court, on its own motion, set the verdict aside, saying:

"Decoys are permissible to entrap criminals, or to present opportunity to those having intent to or who are willing to commit crime, but not to create criminals, or to ensnare

the law-abiding into committing an offense without an intent
to do so.''

In *Sam Yick v. United States,* 240 Fed. 60, that court,
at page 65, in considering this question, said:

''It is, of course, not a matter for this court to say what
conclusion the jury would have or should have drawn from
the testimony tending to show that the alleged conspiracy
was first suggested by the officers of the law, and that they
lured the alleged conspirators on to commit the necessary
overt act. . . . . Where the officers of the law have incited
the party to commit the crime charged and lured him on to
its consummation, the law will not authorize a verdict of
guilty.''

In *Newman v. United States,* 299 Fed. 128, the circuit
court of appeals for the fourth circuit, at page 131, said:

''As the issue of entrapment was vital, the defendant was
entitled to an accurate statement of the law of entrapment.
It is well settled that decoys may be used to entrap criminals,
and to present opportunity to one intending or willing to
commit crime. But decoys are not permissible to ensnare
the innocent and law-abiding into the commission of crime.
When the criminal design originates, not with the accused,
but is conceived in the mind of the government officers, and
the accused is by persuasion, deceitful representation, or
inducement lured into the commission of a criminal act, the
government is estopped by sound public policy from prosecu-
tion therefor.''

In *Butts v. United States* (C. C. A. Eighth Circuit), 273
Fed. 35, 18 A. L. R. 143, the court says:

''The fact that the officers of the government incited and
by persuasion and representation lured him to commit the
offense charged, in order to entrap, arrest and prosecute him
therefor, is and ought to be fatal to the prosecution, and
to entitle the accused to a verdict of not guilty. (Citing
authorities.)

''The first duties of the officers of the law are to prevent,
not to punish, crime. It is not their duty to incite to and
create crime for the sole purpose of prosecuting and punish-
ing it. Here the evidence strongly tends to prove, if it does

not conclusively do so, that their first and chief endeavor was to cause, to create, crime in order to punish it and it is unconscionable, contrary to public policy, and to the established law of the land to punish a man for the commission of an offense of the like of which he had never been guilty, either in thought or in deed, and evidently never would have been guilty of if the officers of the law had not inspired, incited, persuaded, and lured him to attempt to commit it. It was fatal error to refuse to instruct the jury as requested.''

In the annotations to the foregoing case, found in 18 A. L. R., at page 149, the rule is correctly stated as follows:

"Where the criminal intent originates in the mind of the entrapping person, and the accused is lured into the commission of the offense charged in order to prosecute him therefor, the general rule is that no conviction may be had, though the criminality of the act is not affected by any question of consent.''

The editors give the following cases from the several jurisdictions, which support this rule: *Voves v. United States,* 249 Fed. 191, 161 C. C. A. 227; *Peterson v. United States,* 255 Fed. 433, 166 C. C. A. 509; *United States v. Eman Mfg. Co.,* 271 Fed. 353; *United States v. Echols,* 253 Fed. 862; *Billingsly v. United States,* 274 Fed. 86; *People v. Barkdoll,* 36 Cal. App. 25, 171 Pac. 440; *State v. Mantis,* 32 Ida. 724, 187 Pac. 268; *State v. Feldman,* 150 Mo. App. 120, 129 S. W. 998; *Commonwealth v. Bickings,* 12 Pa. Dist. Rep. 206; *State v. McCornish,* 59 Utah, 58, 201 Pac. 637; *Koscak v. State,* 160 Wis. 255, 152 N. W. 181; *United States v. Phelps,* 16 Philippines, 440.

*Voves v. United States, supra,* uses this significant language, with which I am in accord:

"In a civil transaction between citizens such conduct as the jury might have found in this case would create an estoppel which would preclude a suit based upon the suppressed truth. Is our government of the superman type that releases the rule from the obligations of honesty and fairness that are imposed upon the citizens? Is one's liberty or reputation as a law-abider to have less protection than

his property? We are strongly of the view that sound public policy estops the government from asserting that an act which involves no criminal intent was voluntarily done when it originated in and was caused by the government agent's deception."

Citing many cases in addition to those I have already referred to, and reversing the case with directions to grant a new trial.

Mr. Justice Taylor authorizes me to say that he concurs in the conclusion reached in this dissenting opinion.