## CANTWELL v. UNITED STATES.
### No. 7958.

Circuit Court of Appeals, Ninth Circuit.
Jan. 13, 1935.

Isaac Barth, of Phœnix, Ariz., for appellant.

F. E. Flynn, U. S. Atty., and George E. Wood, Asst. U. S. Atty., both of Phœnix, Ariz., for the United States.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for selling intoxicating liquor to an Indian ward of the United States (25 U.S.C.A. § 241), and, having been convicted and sentenced, prosecutes this appeal.

At the close of the government's case and again at the conclusion of all the evidence, appellant moved the court for a directed verdict. The denial of that motion is assigned as error. The ground of the motion, if any, is not stated in the record. Examination of the record discloses no ground on which it could properly have been granted. The verdict is amply sustained by the evidence. The facts which the evidence establishes, or tends strongly to establish, are as follows:

G. W. Magleby, an officer of the United States Indian Service, employed Bill Patrick and Steve Paya, Indian wards of the United States, to try to make purchases of intoxicating liquor from any person who might sell such liquor to either of them. The purpose of their employment was to cause the arrest and prosecution of any such person. Magleby furnished Patrick and Paya two marked $1 bills with which to make such purchases of liquor. Patrick and Paya went to appellant's home, were met at the door by appellant, and thereupon asked appellant to sell them a pint of whisky. Appellant did then and there sell and deliver to them a pint of whisky and they paid him therefor $1.50. Prior to the employment of Patrick and Paya, Magleby had never known or heard of appellant and had no probable cause or reason to believe, nor did he suspect, that appellant was engaged in the practice of selling, or was disposed to sell, intoxicating liquor to Indians.

It is here contended by appellant that these facts show "entrapment," and that, for this reason, his motion should have been granted. In the trial court appellant did not plead entrapment, but, on the contrary, denied having sold any liquor to any Indian. The plea, if made, would have been futile. The facts do not show entrapment. Fiunkin v. United States (C.C.A.9) 265 F. 1; Kendjerski v. United States (C.C.A.6) 9 F.(2d) 909. The motion for a directed verdict was properly denied.

Appellant also assigns as error the trial court's refusal to instruct the jury on the subject of entrapment. There being no evidence of entrapment, the refusal was proper. Bakotich v. United States (C.C.A. 9) 4 F.(2d) 386; Kendjerski v. United States, supra; Hall v. United States (C.C.A.4) 46 F.(2d) 461.

Judgment affirmed.