## HAYES v. UNITED STATES.

### No. 2020.

Circuit Court of Appeals, Tenth Circuit.

June 6, 1940.

John W. Tyree, of Lawton, Okl., for appellant.

Geo. H. McElroy, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

An information containing five counts was filed against appellant. The first, second, third and fourth counts each charged a separate sale and delivery of intoxicating liquor to Woodrow Big Bow, a Kiowa Indian and ward of the United States, under the supervision of the Kiowa Indian Agency at Anadarko, Oklahoma; and the fifth count charged a sale and delivery to Lincoln Tartsah, an Indian of like status. The jury returned a verdict finding appellant guilty on all counts, and from the judgment and sentence thereon this appeal was taken.

Appellant admitted on the trial the making of the sales to Big Bow, but denied that he sold any liquor to Tartsah. His defense in respect to the sales to Big Bow was that Big Bow told him he was a Mexican, not an Indian, and that he believed the statement. The sale of intoxicating liquor to an Indian under charge of an Indian superintendent or agent is a penal offense, 25 U.S.C.A. § 241. The statute does not provide in express language or by fair intendment that the act be knowingly or wilfully done, and therefore a sale to an Indian in charge of a superintendent or agent constitutes an offense without regard to whether the seller may believe that he is of some other nationality. Feeley v. United States, 8 Cir., 236 F. 903. Belief in good faith that Big Bow was a Mexican was not a defense.

It is contended that it was the duty of the court to instruct the jury upon the law of entrapment. The contention is met with two separate obstacles. Appellant owned a government retail liquor dealer's stamp and was engaged in selling taxpaid liquor in Lawton, Oklahoma. A special officer of the Indian Service believed that Indians were obtaining liquor in Lawton. He took Big Bow to Lawton and instructed him to ascertain the source from which the liquor was being obtained, and after making the investigation Big Bow reported that it was coming from the residence of appellant. On the first, second, and third occasions in question the officer took Big Bow to a point approximately a block from the residence of appellant, searched him to see that he did not have any liquor on his person, gave him $1.50 in money, and sent him to the residence for the purpose of buying whiskey; and on the fourth occasion he took both Big Bow and Tartsah to about the same point, searched them, gave each $1.50, and sent them on a like mission. On each occasion whiskey was purchased and brought directly to the officer. While the evidence presented an issue of fact in respect to the statements made by Big Bow, and as to whether a sale was made to Tartsah, there was no evidence that the officer instructed either Indian to proceed in any special manner, to make any particular statement or representation, or to mislead appellant in any respect as an inducement to the making of the sale. The giving of money to an Indian and sending him to a given place for the purpose of purchasing intoxicating liquor, without more, is not entrapment. Instead, it merely supplies the opportunity to one who is willing to commit the offense. Browne v. United States, 6 Cir., 290 F. 870; Kendjerski v. United States, 6 Cir., 9 F.2d 909; Cantwell v. United States, 9 Cir., 81 F.2d 31.

Next, even though appellant was not entitled to any instruction upon entrapment, the court did instruct upon the subject, and no specific objection or exception was taken to the instruction. A general exception was taken to the instructions as a whole but no specific reference was made to the part relating to entrapment, and no requested instruction was tendered. Ordinarily alleged errors taking place during the trial of a criminal case must be called to the attention of the trial court, thus affording an opportunity for correction. And coming within that general rule, it is well settled that a general exception to the instructions as a whole is insufficient to preserve for review on appeal the correctness, adequacy, or completeness of any part of the instructions. Strader v. United States, 10 Cir., 72 F.2d 589; Edgmon v. United States, 10 Cir., 87 F.2d 13. True, an appellate court may correct serious error involving life or liberty of the accused, although the error was not preserved by proper objection, exception, or assignment. Strader v. United States, supra; Edgmon v. United States, supra. But a careful examination of the record convinces us that the asserted error falls far short of coming within the exception to the general rule.

Appellant urges that the instructions virtually amounted to an instructed verdict and therefore it was not necessary to except either to them as a whole or to any part of them. It is unnecessary to delineate the instructions. It is enough to say that the contention is without basis or substance.

The judgment is affirmed.