## CAMPBELL v. DISTRICT OF COLUMBIA.

### No. 77.

Municipal Court of Appeals for the District of Columbia.

June 8, 1943.

John F. Hillyard, of Washington, D. C., for appellant.

Richmond B. Keech, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Edward A. Beard, Asst. Corp. Counsel, all of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant was convicted of selling cigarettes to a minor under sixteen years of age in violation of the Act of Congress of February 7, 1891 (now Section 22—1120, Code of 1940) which in part provides: "No person shall sell, give, or furnish any cigar, cigarette, or tobacco in any of its forms to any minor under sixteen years of age."

For more than thirty years appellant has operated a store in a residential section of Washington. He testified that when children came to the store to purchase cigarettes for their parents, bringing a note from the parent, he sold the cigarettes. After a family had become well known to him and he knew the child was coming at the request of its parent, he would sell the cigarettes without a written request.

The police officer at whose instance the information was filed testified that acting upon a complaint that appellant had been selling cigarettes to children, some of whom had notes from parents and some who did not have such notes, he took a child, a six year old girl, to the store, gave her fifteen cents, and waited outside while she went in and purchased a package of cigarettes which she brought out to him. Appellant admitted to him that he had made the sale.

The officer further testified that the child had told him that she and her mother had been in the store on other occasions and that she had purchased cigarettes there for her mother; never for herself.

It was admitted that no charges of similar character, or of any kind, had previously been made against appellant.

The prohibition of the sale of articles which may be regarded as harmful to adults or to persons of immature years is a matter of the public policy of the community, and this it is the province of the legislature to determine. Cigarettes fall within the category of such articles and may be wholly prohibited.[1]

Congress, legislating for the District of Columbia, has in addition to the Code section, supra, restricting the sale of tobacco to minors, prohibited the sale of poisonous drugs to persons under eighteen years of age "except upon the written order of a person known * * * to be an adult."[2] It has prohibited the sale or delivery of alcoholic beverages, "to any person under the age of eighteen years, either for his own use or for the use of any other person", and has provided that ignorance of the age of the minor in this instance shall not be a defense.[3]

We have not been cited to nor have we been able to find any case construing the above Code section or the comparable statute of any state dealing with the sale of tobacco or cigarettes to minors. In various states there are decisions construing local laws prohibiting the sale of alcoholic liquors to minors. In some jurisdictions the provision is similar to our section dealing with intoxicants and prohibits the sale or delivery to the minor for his own use or for the use of any other person. In others the prohibition in general terms forbids the sale to a minor. These cases are collected and reviewed in an annotation to the case of Leathers v. State of Oklahoma, 63 Okl.Cr. 220, 74 P.2d 967, 114 A.L.R. 114.

The weight of authority is that a statute merely forbidding the sale of intoxicants to a minor is not violated where the purchase is made by the minor as agent for a disclosed or known adult principal and the liquor is actually delivered by the minor to that principal. While Congress in legislating for the District of Columbia in reference to the three classes of sales prohibited to minors has provided much more stringent restrictions on the sale of alcoholic beverages than it has applied to the sale of tobacco and cigarettes, to some extent its legislation with respect to the latter may be regarded as in pari materia with similarly worded state laws dealing with the sale of intoxicants, and in the absence of adjudicated cases involving sales of cigarettes we are to a certain extent to be guided by the principles applied in Leathers v. Oklahoma, supra, and similar cases.

---

[1] Austin v. Tennessee, 179 U.S. 343, 21 S.Ct. 132, 45 L.Ed. 224.

[2] Code 1940, 2—612.

[3] Code 1940, 25—121.

In Thornton on the Laws of Intoxicating Liquors, Vol. 2, § 725, p. 1227, after reviewing the subject the author states: "The law is that where a person contracts as agent, or he is known to be such, the contract is with the principal and not with the agent; but where the agent deals in his own name, and the principal is not disclosed or known, the contract is with the agent, and he is liable."

Certainly no more rigid rule should be adopted in the construction of the Code section here involved.

Nor in our opinion is it essential, under the circumstances shown here, that the child should specifically state in each instance of such a sale that the purchase is for the mother. That a course dealing between a merchant and the parent of a minor child may create a status which is the legal equivalent of a representation on each occasion that the purchase is for the parent, is, I think, justified; certainly it is consonant to reason and the realities of human experience.

Such situations are discussed in Black on Intoxicating Liquors, § 420, p. 492, where in part it is said:

"If the minor informs the liquor-dealer that the liquor purchased is for the use of another person, who has sent him to buy it, and with whose money he pays for it, such being in truth the case; or if the dealer knows, from other sources of information, that the real purchaser is an adult and the minor is only his messenger; then the sale takes place between the dealer and the adult, * * * and consequently the dealer cannot be convicted of selling to the minor. * * *

"But on the other hand, as between a seller and an agent, who deals with him without disclosing the fact that he acts as agent, the latter, as well as the principal, may be regarded as the purchaser. A liquor seller who contracts with a minor may therefore be convicted of selling liquor to a minor, notwithstanding the fact may subsequently be disclosed that the minor acted as agent for an adult. In other words, if the seller has no notice or knowledge, either from the statements of the minor, from a previous course of dealing, or from other sources, that the minor is making the purchase for any one but himself, so that, for all the seller knows to the contrary, he is selling liquor to a minor for the latter's own use, he is guilty of the statutory offense, although, in point of fact,

the minor was acting as agent or messenger for another."

But the implication upon which the vendor may rely, that the minor is making the purchase as a mere instrumentality of the parent, will not shield the vendor if the purchase is not in fact made with proper authority from the person for whom the minor is presumed to act. In this respect it is but a substitute for a specific statement by the minor of his authority to make the purchase for an adult principal. If the statement be untrue—assuming that statutes prohibiting sales of tobacco to minors are in pari materia with those banning sales of intoxicating liquor to minors—the fact that the vendor believed and relied upon it is no defense.

Here the undisputed evidence is that the appellant understood he was making a sale to the child's mother. Otherwise he would not have made the sale, which it transpired, was to the child acting in behalf of a person whose identity was not disclosed, and was unknown to him. To hold that this is not an offense under the statute would be to extend the exception, which the courts have recognized in construing similar provisions, beyond its legal justification and tend to encourage its evasion.

Appellant claims, however, that the case is one of entrapment.

The officer testified that the child had told him that she had made these purchases for her mother; that she had never bought cigarettes for herself. He knew when he took her to appellant's store to purchase the package of cigarettes, when he selected her as his instrumentality to procure evidence of the supposed existence of an illegal practice on the part of the defendant, that she was one to whom the defendant would sell in an honest belief that he was selling as theretofore to the mother. She was one to whom he would sell without criminal intent, and without suspecting that he was being tricked into making an illegal sale.

This case is not governed by Kemp v. United States, 41 App.D.C. 539, 51 L.R.A., N.S., 825, cited by appellee, involving an illegal operation, or other cases of like character. The case before us falls within that class of offenses where the sale of a particular article is illegal only if made to one of a prohibited class. This could not be better illustrated than by the case of Hayes v. United States, 10 Cir., 112 F.2d 676, also relied upon by the appellee, when

considered in connection with the cases of United States v. Healy, D.C.D.Mont., 202 F. 349, and Voves v. United States, 7 Cir., 249 F. 191. These three cases involved the selling of intoxicating liquor to Indians. The case cited by appellee was one where federal officers supplied the money and sent an Indian to a given place for the purpose of making the illegal purchase. This the court held "without more, is not entrapment" [112 F.2d 677]. In United States v. Healy, supra [202 F. 350], however, the government agents selected an Indian who from his appearance would have been regarded as a member of the white race. This was held to make a case of entrapment. The court said:

"In the case at bar the act is innocent but for the status of the solicitor, and because he is a decoy of concealed disability the act is blameless and there is estoppel against conviction. Were it otherwise, honest men could easily be made felons. Many of the government's Indian wards are not distinguishable from Caucasians. Any purveyor of liquors, and any one moved by hospitality to share thereof with guests, ignorant of their status, would unhesitatingly sell or give to them. As decoys in the service of government officers, what instruments of oppression they might be to men devoted to law, but ignorant of their disability! That the seller is suspected of voluntary like sales does not justify entrapping as here; for thereby a law-abiding person may as easily be ensnared."

In Voves v. United States, supra, the Indian selected by government agents to make the purchase resembled a Mexican in appearance. A number of Mexicans had recently been brought into the neighborhood. The defendant thought that the person was a Mexican. In reversing the conviction the court expressed itself as strongly of the opinion that sound public policy estops the government from asserting that an act induced by its agents which involved no criminal intent was voluntarily done.

The principle established by these cases is applicable to the present case. The obvious result of the selection of the particular child to whom this sale was made was to mislead the defendant, to induce the belief that the sale was to the child's mother, and that it was not a violation of the law.

Reversed.

CAYTON, Associate Judge (concurring.)

I agree that the conviction shoud be reversed but feel that reversal should be on the sole ground that the evidence does not support a finding of guilt.

I do not agree that the evidence spells out a case of entrapment. This is not a case where the officer created a crime merely to punish it. Nor was the defendant inspired, incited, persuaded or lured to commit the alleged offense. Defendant sold the cigarettes to the child not because he was induced to do so by the officer but because he believed that she was making this purchase, as she had many others, for her mother. This is not entrapment. See Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249, and cases cited.

But we need not consider the question of entrapment because I am satisfied that guilt has not been established in the case. The statute upon which the charge is based simply prohibits the sale of tobacco to a minor under the age of sixteen. Unlike our liquor statute and similar statutes in other jurisdictions, it does not include words prohibiting sale or delivery to minors when they are acting as agents or messengers for adults.

I think that decisions based upon liquor statutes do not furnish a safe or proper guide in this case. Regulation of liquor sales presents far different problems than those of tobacco. For reasons not difficult to understand, legislatures have not concerned themselves nearly so assiduously with the latter as with the former. I see no reason for relying on liquor-sale decisions in this situation.

Here the child and her mother were well-known to the storekeeper and by course of conduct he had come to know the child as an authorized messenger or carrier for her mother. Defendant's uncontradicted testimony was that he had never sold cigarettes to minors who were not known to him "but that when children had come into the store for parents for cigarettes and had brought notes asking for them he sold the cigarettes and that after a family had become well-known to him and he knew the child was coming at the request of the parents, he would sell the cigarettes to the parents as a convenience to them." Such conduct was not in contravention of the letter or spirit of the statute.

HOOD, Associate Judge (dissenting).

I agree with the Chief Judge that appellant violated the law and I agree with the Associate Judge that there was no entrapment. Accordingly, I think the judgment should be affirmed.*

Edward A. Aaronson, of Washington, D. C., for appellant.

John Paul Jones, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

---

* Since the majority of the court do not agree on a specific ground for reversing the judgment, it is at least debatable whether the court is not required to affirm the judgment. See In re McNaugh-

ton's Will, 138 Wis. 179, 118 N.W. 997, 120 N.W. 288, and State v. Le Duc, 89 Mont. 545, 300 P. 919, and authorities cited.

